Filed 5/30/13  P. v. Ibarra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO CARLOS IBARRA,<br><br>Defendant and Appellant. | C071044<br><br>(Super. Ct. Nos. 09SCR05908,<br>11NCR08719) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On June 8, 2011, Orland police received a report that defendant was driving a car that may have been stolen.  Police stopped defendant in that car and defendant said, "The car is not mine."  He stated he knew the car was stolen and had been abandoned behind a certain building in Red Bluff.  He took it "because he needed a car."  Defendant was charged in Glenn County case No. 11NCR08719 with taking or driving a vehicle

1

without consent and receiving stolen property. (Veh. Code, § 10851, subd. (a), Pen. Code, § 496, subd. (a).)

At the time defendant drove the stolen car, he was on probation in Glenn County case No. 09SCR05908 for possession of a controlled substance and possession of marijuana for sale. (Health & Saf. Code, §§ 11378, 11359, respectively.) A petition for revocation of probation was filed alleging defendant had violated his probation by committing the June 8, 2011 offenses.

On January 6, 2012, defendant pleaded no contest to taking or driving a vehicle without consent in Glenn County case No. 11NCR08719 and admitted violating probation in Glenn County case No. 09SCR05908. At the March 9, 2012 sentencing hearing, the trial court denied reinstatement of probation in Glenn County case No. 09SCR05908 and sentenced defendant to three years for possession of a controlled substance and a consecutive eight months for possession of marijuana for sale. The trial court imposed a consecutive eight months for taking or driving a vehicle without consent in Glenn County case No. 11NCR08719, for a total of four years four months, to be served locally pursuant to Penal Code section 1170, subdivision (h), with mandatory supervision after two years. Defendant was awarded 247 actual days and 246 conduct days, for a total of 493 days of presentence custody credit.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                            MURRAY                    , J.


We concur:



            BLEASE            , Acting P. J.



            MAURO            , J.

3